JONATHAN S. EASTMAN *versus* BENJAMIN F. HOWARD.

From the mere occupation of the plaintiff's land, (no permission by him
  being shown, nor any recognition of his title,) the law implies no promise
  to pay him for the use of it.

In directing a nonsuit, the Court may consider the testimony drawn out in
  the cross-examination of the plaintiff's witnesses, as well as that presented
  in chief.

ASSUMPSIT for use and occupation of a house and its lot.

The plaintiff had levied the property, as belonging to the
defendant, on an *execution against* defendant and one Lane.

*John D. Millett,* called by plaintiff, testified that Howard's
family used and occupied the land and house about two years
after the levy of plaintiff's execution. On cross-examination,
he stated that Howard was not at home when the levy was
made, but was at home all the next winter ; that since Howard
moved off he told the witness he had a good warranty deed,
and had never denied that he had a title.

*Giddings Lane,* called by plaintiff, testified as follows : —
I was co-defendant with Howard in the original suit, brought
by the plaintiff. Howard continued to occupy the premises
about two years after the levy.

On cross-examination ; Howard was in Massachusetts when
the levy was made, he came home the next winter or summer ;
he told me, plaintiff could not prove he, Howard, had any title,
and therefore plaintiff could not hold by his levy, or some-
thing like that ; plaintiff resides in Baltimore, Maryland ; was
never in Leeds to my knowledge. I saw him in April, 1847,
in Baltimore ; he then told me he had never brought any
action against Howard for rents and profits, and did not know
any thing about such an action ; did not know there was any

claim against Howard for rent; and had never seen Mr. Evans after the levy.

*George Evans, Esq.,* called by plaintiff, testified as follows: — I was attorney in the original suit for the plaintiff; demand was sent me by plaintiff; I directed a young man in my office to bring a suit.

After levy I had verbal instructions from plaintiff to act as I did; I agreed to sell the land to Ensign Otis, made the deed exhibited to me, the signature is that of plaintiff. Plaintiff was anxious to have the matter adjusted, and gave me broad authority. This was in March or April, 1845. When I delivered the deed to Otis, I made and delivered to him the following assignment: —

" Having sold certain property in Leeds levied upon by me, as the property of Benjamin F. Howard, to Ensign Otis of said Leeds, I hereby assign all the rents and profits of said premises, accruing since said levy, to said Otis; and authorize him to sue for and recover the same, in my name, for his use; he saving me from all cost in the same.

" Oct. 13, 1845. Jonathan S. Eastman."

" By his attorney, Geo. Evans."

On cross-examination; I told Eastman the land was his and had been for two or three years. He authorized me to settle and do the best I could for him, without any restrictions whatever. I did not know which of the debtors occupied the land.

A nonsuit was ordered, and exceptions filed by the plaintiff.

*H. W. Paine,* for plaintiff.

A Judge may not order a nonsuit, unless, assuming the evidence of the plaintiff to be true, he has failed to support his action. *Sanford* v. *Emery,* 2 Greenl. 5; *Perley* v. *Little,* 3 Greenl. 97; *Wilkinson* v. *Scott,* 17 Mass. 249.

Here were three questions for the jury, viz.: — the occupation, the permission and the value. The cross-examination made by the defendant, is not to be taken into consideration. The questions are upon the evidence called out by the plaintiff. The Court is not to decide, that the statements in the cross examination were true. The plaintiff had adduced evidence

which would have authorized a verdict in his favor. Stark. on Evidence, vol. 3, pages 1513 and 1516.

It is only ˉnecessary to prove that defendant occupied by permission of the plaintiff. The permission may be inferred. It was therefore for the jury.

Though trespass for mesne profits might have been maintained, the plaintiff may maintain assumpsit. The trespass may be waived. *Curtis* v. *Treat,* 21 Maine, 525; Stark. on Evidence, vol. 3, page 1516 and 1517; *Hambly* v. *Trott,* Cowper, 372; *Cummings & ux.* v. *Noyes,* 10 Mass. 433; *Pickett* v. *Breckenridge,* 22 Pick. 297.

In the case of *Wyman* v. *Hook,* the reasoning was one way, and the decision the other. It can therefore have no weight.

An execution debtor, whose land has been set off, cannot contest the creditor's title, although a third person might do it.

*May,* for defendant.

1. Where the debtor remains in possession after the levy, assumpsit for use and occupation will not lie, except upon some contract between the plaintiff and defendant, either express or implied. None can be implied from the mere holding of the defendant. There must be proof that the defendant held under the plaintiff. *Wyman* v. *Hook,* 2 Greenl. 337; *Fox & al.* v. *Harding,* 21 Maine, 104; *Curtis* v. *Treat,* 21 Maine, 525.

2. An assignment of a right of action for a *tort* is not valid; and the declarations of the assignee, he being the plaintiff of record, made *after* such assignment, may be given in evidence. *Vose* v. *Grant,* 15 Mass. R. 517.

3. The Court will not try the question of title in an action for use and occupation. If the relation of landlord and tenant exist, the defendant is estopped to deny the plaintiff's title; and if it does not exist, the action cannot be maintained. *City of Boston* v. *Binney,* 11 Pick. 10.

WELLS, J. orally. — To maintain assumpsit, a promise, express or implied, must be proved. All that the plaintiff proves in this case is, a mere occupation by the defendant. No per-

mission and no recognition of plaintiff's title are shown. From such occupation alone, the law raises no promise.

The testimony all came from the plaintiff's witnesses. All the parts of their statements are to be considered as his testimony, as well that which is called out on the cross-examination, as that drawn out in chief.

*The nonsuit was properly ordered.*